IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAVIUS BOLDEN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-02603-SHM-egb |
| | ) |
| KELLOGG'S, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated May 25, 2017 (the "Report"). (ECF No. 33.) The Report recommends that the Court grant the Motion for Summary Judgment (the "Motion") filed by Defendant Kellogg Company ("Kellogg's") on February 7, 2017 (ECF No. 30). On June 8, 2017, Plaintiff Tavius Bolden filed his "Objections to Magistrate Report and Recommendation" (the "Objections"). (ECF No. 34.) Kellogg's responded to Bolden's Objections on June 9, 2017. (ECF No. 35.)

For the following reasons, the Report is ADOPTED and Kellogg's Motion is GRANTED.

## I. Background

On September 11, 2015, Bolden filed his *pro se* Complaint against Kellogg's, asserting sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.

On February 7, 2017, Kellogg's filed the pending Motion seeking dismissal of the action. Bolden did not respond to or otherwise oppose the Motion.

On May 25, 2017, the Magistrate Judge entered the Report. Because Bolden had failed to respond to Kellogg's Motion, including Kellogg's Statement of Undisputed Material Facts in support of that motion ("Kellogg's Statement of Facts"), pursuant to Local Rule 56.1(d), the Magistrate Judge considered Kellogg's Statement of Facts undisputed for purposes of the Motion. (ECF No. 33 at 5.)

Addressing Bolden's claim for hostile-work-environment sexual harassment, the Magistrate Judge found that Bolden had failed to establish a genuine issue of material fact as to three elements: (a) that he was subjected to unwelcome sexual harassment, (b) that the harassment created a hostile work environment, and (c) that the employer failed to take reasonable care to prevent or correct any sexually harassing behavior. (Id. at 5-8.)

Addressing Bolden's claim for *quid pro quo* sexual harassment, the Magistrate Judge found that Bolden had failed to establish a genuine issue of material fact as to two elements: (a) that he was subjected to unwelcomed sexual harassment in the form of sexual advances or requests for sexual favors, and (b) that he refused to submit to sexual demands resulting in a tangible employment action against him or that his submission to unwelcomed advances was an express or implied condition of receiving job benefits. (Id. at 8-9.)

Addressing Bolden's claim for retaliation, the Magistrate Judge found that Bolden had failed to establish a prima facie case of retaliation in that he had failed to show a causal connection between any protected activity in which he had engaged and a materially adverse action to which he had been subjected on account of engaging in that activity. (Id. at 9-10.) The Magistrate Judge found that, even if Bolden had established a prima facie case, Bolden had failed to establish a genuine issue of material fact that Kellogg's decision to terminate Bolden was a pretext for discrimination. (Id. at 10.) The Magistrate Judge also found that Bolden had failed to exhaust his administrative remedies for his retaliation claim. (Id. at 10-11.)

3

**II. Legal Standards**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive motions, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  Id. at 151.  Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived.  See, e.g., Becker v. Clermont Cty. Prosecutor, 450 F. App'x 438, 439 (6th Cir. 2011); The Glidden Co. v. Kinsella, 386 F. App'x 535, 544

4

(6th Cir. 2010); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).[1]

**III. Analysis**

Bolden never responded to Kellogg's Motion. He does not deny that he was served with Kellogg's Motion or that he had adequate time to respond before the Magistrate Judge entered the Report. Bolden had more than three and a half months to respond or to ask for an extension of time in which to respond. Bolden offers no reason for his failure to respond. Bolden waited to express opposition to Kellogg's Motion until after the Magistrate Judge had entered the Report recommending dismissal. Bolden argues that Kellogg's Motion should not be granted by default (ECF No. 34 at 9), but the Report does not recommend that Kellogg's Motion be granted by default. The Magistrate Judge addressed Bolden's claims on the merits based on the uncontested record evidence. Because any arguments Bolden

---

[1] A district court may raise the waiver issue *sua sponte*. Numerous district courts in this circuit have done so where (1) no response was filed to a party's objection to the report and recommendation; or (2) a response was filed, but did not argue waiver. See, e.g., Tighe v. Berghuis, No. 1:12-CV-1314, 2016 WL 5537287, at *3 (W.D. Mich. Sept. 30, 2016) (no response to objection); Lewis v. Spitters, No. 1:14-CV-917, 2015 WL 5682405, at *2 (W.D. Mich. Sept. 18, 2015) (response did not argue waiver); Briggs v. Miles, No. 1:13-CV-228, 2015 WL 1120132, at *2 (W.D. Mich. Mar. 12, 2015) (no response to various objections); Bauman v. City of Cleveland, No. 1:04-CV-1757, 2015 WL 893285, at *8 (N.D. Ohio Mar. 3, 2015) (response did not argue waiver); Enyart v. Coleman, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (response did not argue waiver).

5

raises in his Objections were not first presented to the Magistrate Judge for consideration, those arguments are waived. See Becker, 450 F. App'x at 439; Glidden, 386 F. App'x at 544; Murr, 200 F.3d at 902 n.1.

Even if Bolden had not waived the arguments he now raises, those arguments do not specifically object to any aspect of the Report's findings of fact or conclusions of law. It is not sufficient for Bolden to "object[]" to the Report "in its entirety." (ECF No. 34 at 1.) The Court should adopt the Report's findings and conclusions without further consideration unless specific objections are made. See Arn, 474 U.S. at 151.

In his Objections, Bolden "absolutely asserts that there are genuine issues of material fact that exist[]" and recounts his version of the events in question concerning his claims. (ECF No. 34 at 3-7, 12.) The Court cannot consider those factual assertions. Because Bolden failed to respond to Kellogg's Statement of Facts, the Magistrate Judge was warranted in considering those facts undisputed for purposes of Kellogg's Motion. L.R. 56.1(d). Notwithstanding Local Rule 56.1(d), in his Objections, Bolden does not dispute any particular facts in Kellogg's Statement of Facts by "citing to particular parts of materials in the record" or by "showing that the materials cited" in Kellogg's Statement of Facts "do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

6

Bolden suggests that the Court should "seek to reassure itself by some examination of the record before granting summary judgment against a *pro se* litigant." (ECF No. 34 at 10) The Magistrate Judge's Report did so, but Bolden does not specifically address any factual findings that he asserts were in error.

Bolden also fails to object to the Report's conclusions of law or application of the law to the facts. The Magistrate Judge found that Bolden had failed to establish a genuine issue of material fact for multiple essential elements of each of his claims. Bolden does not specifically object to the Magistrate Judge's conclusion as to any element of his claims. Bolden suggests instead that he is "entitled to a jury trial if there are any material issues in dispute." (Id. at 12.) That is not the standard by which a non-movant may avoid summary judgment. As recognized by the Magistrate Judge's Report, even a non-movant who establishes a genuine issue of material fact as to some elements of a claim cannot survive summary judgment where the movant shows the "'absence of a genuine issue of material fact as to at least one essential element' of the plaintiff's claim." (ECF No. 33 at 4 (quoting Jones v. Muskegon Cnty., 625 F.3d 935, 940 (6th Cir. 2010)).) Bolden's failure to establish a genuine dispute as to *each and every* element of his claims warrants granting Kellogg's Motion on each claim.

7

Bolden's remaining arguments do not justify rejection or modification of the Report. Bolden "does not dispute that he failed to respond" to Kellogg's Motion, but contends that "his failure was a misstep" that should be excused. (ECF No. 34 at 9.) Bolden argues that, because he is a *pro se* litigant, the Court should have advised him that he needed to respond to Kellogg's Motion, that the Court should order the parties to reconsider settlement, and that the Court has discretion to excuse his failure to respond. (Id. at 9-11, 13.) Non-prisoner *pro se* litigants are not excused from properly responding to a summary judgment motion or otherwise complying with Rule 56. See Martinson v. Regents of Univ. of Mich., 562 F. App'x 365, 371-72 (6th Cir. 2014) (rejecting argument that plaintiff's case was "somewhat unique" because of her *pro se* status and concluding that plaintiff's failure to respond to defendant's summary judgment motion was sufficient grounds for granting the motion). Even when Bolden responded to the Magistrate Judge's Report, Bolden failed to specifically object to any portion of the Report.

For the foregoing reasons, the Report is ADOPTED and Kellogg's Motion is GRANTED.

So ordered this 12th day of June, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE